## Commonwealth v. Haldeman

*Edward M. Brennan, assistant district attorney,* for the commonwealth.
*David J. Rossi,* for defendant.

RUBRIGHT, *J.,* May 1, 1990 — This matter is presently before the court on defendant's omnibus pretrial motions in which they seek the suppression of evidence on the grounds that the affidavit of probable cause is insufficient to allow the issuing authority to determine probable cause to issue a search warrant. A hearing was held at which the commonwealth introduced the search warrant and affidavit as an exhibit.

The affidavit of probable cause provides as follows:

"Information received from one Robert Gwinn who purchased marijuana this date from said residence at approx. 1800 hours from Nancy Haldeman for $25. Informant stated that he purchased approx. one-eighth oz."

Defendants argue that the search warrant was improperly issued because the affidavit did not establish the reliability of the informant and it contained nothing to corroborate the information.

In determining the propriety of the issuance of the search warrant, we may only consider the affidavit which was sworn to before the issuing authority. Pa.R.Crim.P. 2003(b). The standard for analyzing probable cause for a search warrant based upon an informant's statements to police is the "totality of the circumstances" standard as announced by the U.S. Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983). The test has been stated as follows:

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular

place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing] that probable cause existed.' *Jones v. United States,* [362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed. 2d 697 (1960)]." *Commonwealth v. Gray,* 509 Pa. 476, 484, 503 A.2d 921, 925 (1985), quoting *Illinois v. Gates,* 462 U.S. at 238-9, 103 S.Ct. at 2332, 76 L.Ed. 2d at 548.

Although the affidavit in the instant case sets forth the "basis of knowledge" of Robert Gwinn, that being his purchase of marijuana from Nancy Haldeman, the affidavit includes nothing from which the district justice could conclude that the information he supplied to the police was reliable. The fact that the informant was named in the affidavit, although a factor to consider in determining whether probable cause exists, is not sufficient to support a finding of probable cause. *Commonwealth v. Stokes,* 480 Pa. 38, 389 A.2d 74 (1978).

The affidavit did not set forth the circumstances under which the information was supplied. Therefore, we cannot ascertain from the affidavit itself whether Robert Gwinn voluntarily approached the police and told them he had purchased marijuana, whether he had been arrested and supplied the information upon questioning by the police, or whether he supplied the information under some other circumstances. Certainly, the circumstances are highly relevant in determining the informant's reliability. In addition, the affidavit does not indicate that the police conducted any investigation in an effort to corroborate the information supplied by Mr. Gwinn. Finally, even assuming the reliability of the informant, the affidavit does not include any information from which one could conclude that there was more marijuana in the home.

For all of the reasons listed above, we find that the affidavit was insufficient to establish probable cause to search defendant's residence. Accordingly, we enter the following

## ORDER OF COURT

And now, May 1, 1990, it is hereby ordered that defendant's omnibus pretrial motions are granted and all evidence seized as a result of the search of defendants' residence is suppressed.